697 P.2d 125

Tony MADRID, d/b/a Tony Madrid Bonding Company, Petitioner-Appellant,

v.

DEPARTMENT OF INSURANCE, State Corporation Commission of the State of New Mexico, Respondent-Appellee.

No. 15224.

Supreme Court of New Mexico.

March 20, 1985.

Edward L. Chavez, Torres, Lewis & Chavez, Albuquerque, for petitioner-appellant.

Maureen A. Sanders, Gen. Counsel, State Corp. Com'n Dept. of Ins., Santa Fe, for respondent-appellee.

## OPINION

WALTERS, Justice.

The Superintendent of Insurance suspended Petitioner Madrid's property bondsman and limited surety agency licenses. Madrid appeals the decision of the district court upholding the superintendent's decision. We reverse.

On June 3, 1983, the superintendent notified Madrid of his suspension. The notice informed petitioner that the suspension of his property bondsman license could be appealed to the District Court in Santa Fe County. It further advised that, pursuant to NMSA 1978, Section 59-2-9, Madrid could appeal the suspension of both licenses to the State Corporation Commission *or* to the Santa Fe District Court.

Madrid chose to file an appeal on both license suspensions in the District Court. The Department of Insurance now argues that the district court did not have jurisdiction to hear this case because petitioner failed to exhaust his administrative remedies.

■ Both of the licenses held by Madrid—a property bondsman license and a limited surety agent license—are bail bondsmen licenses governed by the Bail Bondsmen Licensing Law, NMSA 1978, Sections 59A–51–1 to –19 (Orig.Pamp.1984) (hereafter "BBLL"). NMSA 1978, Section 59–2–9, to which the Superintendent of Insurance referred in his Order of Suspension, is not applicable to the licensing of bail bondsmen.

Although the provisions of the BBLL have changed over a period of time, they have always provided that the correct avenue of appeal from an order of the Superintendent of Insurance is by petition to the State Corporation Commission. Only after a hearing there may a licensee appeal to the district court.

Because the sections of the Insurance Code, NMSA 1978, Chapter 59A (Orig. Pamp.1984) and NMSA 1978, Chapter 61, "Professional and Occupational Licenses," which contain the review procedure, are less than clear, we trace the relevant statutes.

Section 59A–51–14 E (designated Section 59–32–17 E at the time of the actions on which this case is based) provides that:

The Uniform Licensing Act [61–1–1 to 61–1–31 NMSA 1978] shall apply with regard to the procedure for denial, revocation, suspension or refusal to continue a license pursuant to this article.

The Uniform Licensing Act (hereafter "ULA") sets out the procedure for review to the district court from a decision of any "board" of the state government. NMSA 1978, § 61–1–17 (Repl.Pamp.1981).

NMSA 1978, Section 61–1–2 A (Cum. Supp.1984), lists most of these boards but does not mention the Superintendent of Insurance, the Insurance Board or the State Corporation Commission. The section does provide, however, that the term "board" shall also apply to:

> any other New Mexico state agency to which the Uniform Licensing Act is subsequently applied by law * * *.

The ULA had been applied by law to the licensing of bail bondsmen. NMSA 1978, § 59A–51–14 E (Orig.Pamp.1984). But nowhere in the statutes is it specified which agency concerned with licensing of bail bondsmen is the "board" under the ULA. Other sections of the BBLL, however, make the intended procedure clear.

In June 1983, when the Superintendent of Insurance suspended Madrid's licenses, the BBLL contained the following provision:

> Any applicant for license as bail bondsman or solicitor whose application has been denied or whose license shall have been so suspended or revoked, or renewal thereof denied, shall have the right to appeal to the corporation commission pursuant to Section 59–5–39 NMSA 1978 and in accordance with the provisions of the Uniform Licensing Act [61–1–1 to 61–1–31 NMSA 1978].

NMSA 1978, § 59–32–22 (Supp.1979).

█ Mr. Madrid contends that the language "and in accordance with the provisions of the Uniform Licensing Act" means that the term "board" in that Act refers to either the Superintendent of Insurance or the Corporation Commission, *at the option of the licensee.* We cannot accept this argument.

The ULA controls many aspects of licensing procedure beyond the determination of which agency is to serve as the final administrative adjudicator. By referring to the ULA in Section 59–32–22 of the BBLL, the statute merely provided that guidelines set forth in the ULA should be considered when a license suspension is appealed to the Corporation Commission. This interpretation is strengthened by the statute's final sentence which reads that "[a]ny *further* appeal shall be taken in district court as provided by law." § 59–32–22 (emphasis added).

Moreover, Section 59–32–22 specifies that appeal to the Corporation Commission is "pursuant to Section 59–5–39 NMSA 1978 * * *." That section, at the time this matter arose, provided that an "agent or broker shall have the right to appeal to the corporation commission from the decision of the superintendent * * *."

█ Thus, under the statutes in effect at the time the suspension orders were entered here, Madrid's only recourse was to appeal those orders to the Corporation Commission.

█ In the most recent revision of the Insurance Code effective January 1, 1985, Section 59–32–22 does not appear. But in the new revision, Section 59A–51–19 makes some other provisions of the Insurance Code applicable to the licensing of bail bondsmen. One such provision in Article 4 is Section 59A–4–20 entitled "Appeal to Court." Although this section refers to the licensee's right to appeal to the district court from an order of the superintendent, it specifies that:

> [T]he appeal shall be taken within sixty (60) days after receipt by the party appealing, of a copy of the decision on review of the superintendent's order on hearing by the corporation commission or insurance board.

NMSA 1978, § 59A–4–20 B (Orig.Pamp. 1984).

Thus, while the newer enactment allows a licensee to appeal to the district court after a hearing by either the corporation commission or the insurance board (making both of these agencies "the board" under the ULA), a direct appeal to the court still is not authorized from an order of the

superintendent. Clearly, the district court did not have jurisdiction in this case.

We remand the appeal to the Corporation Commission for review of the superintendent's Order of Suspension, as provided in the Bail Bondsmen Licensing Law. Because of our remand, the other issues raised in this proceeding, which relate to the appeal procedures in and the decision of the district court, need not be addressed.

The case is remanded to the State Corporation Commission for further proceedings in accordance with this Opinion.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, Senior Justice, concur.